CV 12 - 4970

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LANCE KNOWLES,

                      Plaintiff,

      -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

JOHNSON, J

POHORELSKY, M.J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Lance Knowles ("plaintiff" or "Mr. Knowles") is a resident of Queens County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.  At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 6:00 p.m. on November 22, 2010, plaintiff was lawfully within his friend's residence located in Brooklyn, NY.

12. Plaintiff received a telephone call from an acquaintance, Angel Kingloch. Kingloch informed plaintiff that he and his girlfriend were outside of the residence, in Kingloch's car.

13. Plaintiff began to walk towards Kingloch's car when he observed defendant police officers converge around and search through Kingloch's vehicle.

14. Plaintiff asked the officers what was going on and why they were searching Kingloch's car.

15. In response to plaintiff's questions the officers told him to "step back" – which plaintiff did.

16. At no time did plaintiff enter, or even stand near, Kingloch's vehicle.

17. Subsequently, plaintiff observed the officers recover from Kingloch's car what appeared to be a lock box, and a gun from within it.

18. Kingloch and his girlfriend, who was a passenger in the car, were placed under arrest, into handcuffs and were put into a prisoner van.

19. The defendants then told plaintiff to place his hands on the gate.

20. Plaintiff complied with the officers' orders and asked, "For what?"

21. Without explanation, defendants searched plaintiff. Plaintiff was

ultimately placed under arrest, into handcuffs and into the police van.

22. Plaintiff was eventually taken to the police precinct.

23. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a firearm.

24. At no point did the officers observe plaintiff possess a firearm.

25. During the morning of November 23, 2010, plaintiff was transported from the precinct to Brooklyn Central Booking, back to the precinct, and to Central Booking once again.

26. At approximately 11:00 p.m. on November 24, 2010, plaintiff was released from custody because the Kings County District Attorney's Office declined to prosecute his case.

27. After approximately forty-eight hours in custody, plaintiff was released.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### First Amendment Retaliation

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights

secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

37. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

38. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Failure To Intervene

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

41. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Monell Claim

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

45. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

46. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

47. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

48. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

49. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 3, 2012
           New York, New York

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*